IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| FERNANDO GONZALEZ, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-708-A |
| | § | |
| ERIC D. WILSON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Fernando Gonzalez ("Gonzalez") for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of respondent, Warden Eric Wilson, the reply, the record, and applicable authorities, finds that the application must be dismissed.

I.

Application

On August 23, 2018, Gonzalez filed his application asserting as the sole ground:

> Under U.S. v. Wheeler, 886 F.3d 415 (4th Cir. 2018), [Gonzalez] seeks renewed habeas review of his career offender status now held improper under case level authority--See Memorandum of Law

---

[1] The document filed by applicant reflects that it is a "petition" and that he is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

Doc.[2] 1 at 5. In his memorandum in support of the application, Doc. 2, Gonzalez recites the applicable legal principles as set out, infra, and argues that he is entitled to relief because one of his prior convictions used to enhance his sentence is not a qualifying predicate offense under the career offender provisions of the Guidelines.

II.

Background

On April 14, 2009, Gonzalez was named in a two-count indictment in the Southern District of Texas, Laredo Division, charging him in count one with conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), and in count two with possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). Doc. 11, Ex. 1. Gonzalez entered into a plea agreement pursuant to which he pleaded guilty to count two of the indictment and waived the right to contest his conviction or sentence by means of any post-conviction proceeding. Id., Ex. 2. By judgment signed June 22, 2010, Gonzalez was sentenced to a term of imprisonment of 292 months. Id., Ex. 3.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

Gonzalez has filed two motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. 11, Exs. 4 & 5. His first motion raised the same ground he raises here. Id., Ex. 6. That motion was dismissed. Id. His second § 2255 motion was transferred to the United States Court of Appeals for the Fifth Circuit as a successive motion filed without leave. Id., Ex. 7. The Fifth Circuit denied leave to pursue the motion. Id., Ex. 8.

III.

Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

A federal prisoner may challenge the legality of her detention under § 2241 if she falls within the "savings clause"

3

of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "*if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead, the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.

4

2001). The first prong is generally considered the "actual innocence" requirement. Id.

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-), 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

IV.

Analysis

Here, Gonzalez readily admits that his claim is not based on a retroactively applicable Supreme Court decision. Rather, he says that two Supreme Court cases from the same years as his plea and sentencing demonstrate the validity of his claim. Doc. 2 at 6. And, although he says he is actually innocent of one of his predicate offenses, a claim of actual innocence as to a career offender enhancement is not a claim of actual innocence of the crime of conviction and not the type of claim that warrants review under § 2241. In re Bradford, 660 F.3d 226, 230 (5th Cir. 2011). Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). Kelley v. Castaneda, 711 F. App'x 243, 243-44 (5th Cir. 2018).

Finally, as respondent notes, Doc. 10 at 7, Gonzalez waived his right to appeal or collaterally attack his conviction and

sentence as part of his plea agreement. There is no reason to believe that he should not be bound by that agreement. See <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). <u>Molina-Martinez v. United States</u>, 136 S. Ct. 1338 (2016), to which Gonzalez refers in his reply, does not address this situation.

V.

<u>Order</u>

The court ORDERS that applicant's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED October 16, 2018.

_____
JOHN McBRYDE
United States District Judge